UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARETTA KNIGHT,

     Plaintiff,

v.                                   Case No:  8:17-cv-1913-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## OPINION AND ORDER

Plaintiff, Caretta Knight, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for SSI on June 16, 2014, alleging a disability onset date of March 21, 2013. (Tr. 260-62). Plaintiff's claim was denied initially on August 7, 2014, and upon reconsideration on September 9, 2014. (Tr. 134-36, 141-45). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Charles J. Arnold on September 12, 2016. (Tr. 32-73). On October 5, 2016, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 13-31). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on June 14, 2017. (Tr. 1-6). The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 16, 2014, the application date. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: schizophrenia, bipolar disorder, degenerative disc disease, arthritis, fibroids, hepatitis B with anemia, obesity with headaches and sleep issues. (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 416.967(a). The claimant can only occasionally perform climbing, and perform unskilled work with SVP level 1 or 2. She is only able to perform simple, routine, repetitive tasks.

(Tr. 20). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 24).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in the national economy in significant numbers that Plaintiff can perform. (Tr. 24). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as food or beverage order clerk, microfilm document preparer, and addresser. (Tr. 25). The ALJ concluded that Plaintiff was not under a disability since June 16, 2014, the application date. (Tr. 25).

**II. Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to set forth any limitation in social functioning in Plaintiff's RFC; (2) whether the ALJ erred by failing to properly evaluate Plaintiff's complaints of migraine headaches; and (3) whether the ALJ erred by failing to address the fact that Plaintiff was in special-education classes and her grade level ability was significantly below her numerical grade. The Court will address each issue in turn.

**A. Whether the ALJ erred by failing to set forth any limitation in social functioning in Plaintiff's RFC.**

Plaintiff contends that the ALJ's decision not to include any limitation in social functioning in Plaintiff's RFC is not supported by substantial evidence. (Doc. 23 p. 6). Plaintiff notes that the ALJ, despite finding Plaintiff had moderate difficulties in social functioning in the "paragraph B" analysis, nevertheless failed to include any social functioning limitation in the RFC finding. (Doc.

23 p. 5-6). Plaintiff notes that Steven Wise, Psy.D., in his Mental RFC assessment dated July 31, 2014, opined that Plaintiff had moderate limitations in her ability to interact appropriately with the general public. (Doc. 23 p. 6).

In response, Defendant argues that the record provides substantial evidence to support the ALJ's finding that Plaintiff could perform unskilled work. (Doc. 24 p. 4). Defendant contends that Plaintiff failed to prove that her social functioning imposed additional mental limitations. (Doc. 24 p. 5).

Here, the Court finds that the ALJ did not err by failing to set forth any social functioning limitations in Plaintiff's RFC. While the ALJ found that Plaintiff had moderate difficulties in social functioning in analyzing the "paragraph B" factors at step 3, it does not follow that these moderate difficulties were not accounted for in the ALJ's RFC finding limiting Plaintiff to sedentary unskilled work with a SVP level of 2. In her memorandum, Plaintiff cites to nothing in the record demonstrating that her social functioning is more limited than found by the ALJ. While Dr. Wise found that Plaintiff would have moderate limitations in her ability to interact appropriately with the public, Dr. Wise also found that Plaintiff was not significantly limited in the ability to ask simple questions or request assistance, the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (Tr. 112).

Plaintiff has failed to demonstrate that her issues in social functioning imposed additional limitations which the ALJ failed to specify in his RFC finding. Accordingly, the Court will not

reverse this case for the ALJ to clarify the extent to which Plaintiff's has limitations in social functioning.

### B. Whether the ALJ erred by failing to properly evaluate Plaintiff's complaints of migraine headaches.

Plaintiff argues that the ALJ erred by failing to properly evaluate Plaintiff's complaints of headaches. (Doc. 23 p. 7). Plaintiff argues that while the ALJ acknowledged that Plaintiff complained of headaches and was taking Topamax, the ALJ did not explicitly or implicitly reject Plaintiff's complaints of headaches. (Doc. 23 p. 8). Plaintiff argues that the case should be remanded with direction to the ALJ to discuss whether he accepts Plaintiff's complaints regarding her headaches and whether the headaches would cause her to be absent from work or have to take unscheduled breaks. (Doc. 23 p. 8).

In response, Defendant argues that substantial evidence supports the ALJ's conclusion that Plaintiff's headaches would not prevent her from performing the exertional demands for the sedentary exertional level. (Doc. 24 p. 6).

In this case, the Court finds no error in the ALJ's treatment of Plaintiff's headaches. As Defendant notes, there are few mentions of Plaintiff's migraines in the record and no medical opinion that opined greater functional limitation than found by the ALJ. *See* (Doc. 24 p. 6). Plaintiff fails to cite to any evidence in the record showing that Plaintiff's migraines limited her functionality besides a single record from the Tampa Family Health Centers in which Plaintiff self-reported that her headaches were unbearable and that she was unable to function. (Tr. 634). In his decision, the ALJ articulated his reasons for determining Plaintiff's subjective complaints were not fully credible, explaining that the medical record did not corroborate her subjective complaints.

The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan,* 936 F.2d 1215, 1218 (11th Cir.1991). Plaintiff failed to carry her burden in demonstrating that her migraines caused her greater limitations than assessed by the ALJ. Accordingly, the Court finds no error in the ALJ's treatment of Plaintiff's migraines.

### C. Whether the ALJ erred by failing to address the fact that Plaintiff was in special-education classes and her grade level ability was significantly below her numerical grade.

Plaintiff argues that the ALJ erred by evaluating Plaintiff's education improperly. (Doc. 23 p. 8-10). First, Plaintiff argues that the ALJ committed an obvious error by finding that Plaintiff had at least a high school education despite noting in the body of the decision that Plaintiff had only completed school through the ninth grade. (Doc. 23 p. 8). Second, Plaintiff argues that academic records submitted after the administrative hearing show that Plaintiff's reading, language, and math levels were significantly below grade level, ranging from fourth and sixth grade level. (Doc. 23 p. 9). Plaintiff argues that if the vocational expert was given a hypothetical question which included Plaintiff's actual grade level abilities, there is a reasonable possibility it would have changed his response. (Doc. 23 p. 10). Plaintiff argues that the ALJ should have re-contacted the vocational expert to consider the school records submitted after the administrative hearing. (Doc. 22 p. 10).

In response, Defendant contends that the ALJ's error in finding that Plaintiff had a high school education was harmless, as the hypothetical question posed to the vocational expert described Plaintiff as having a ninth grade education. (Doc. 24 p. 9). Further, Defendant argues that Plaintiff's argument lacks relevance, as even if it were true that Plaintiff functioned at a fourth or sixth grade level academically, it does not follow that should could not perform the unskilled work found by the ALJ. (Doc. 24 p. 9).

Here, the Court finds that Plaintiff has failed to show that remand is appropriate. While Plaintiff is correct that the ALJ's numbered finding that Plaintiff "has at least a high school education" is incorrect, it appears this mistake is typographical given the ALJ's acknowledgement in the body of the decision that Plaintiff had a ninth grade education. (Tr. 21). Further, the hypothetical question posed to the vocational expert specified an individual with a ninth grade education. (Tr. 68). Thus, the ALJ's error in finding Plaintiff had a high school education was harmless.

Further, the Court does not find that the ALJ erred by improperly evaluating the academic records submitted after the administrative hearing. While Plaintiff contends that these records show that Plaintiff's reading, language, and math levels ranged between the fourth and sixth grade, this interpretation of the records is not obvious to the Court upon review. (Tr. 377). However, even assuming that these records stand for what Plaintiff argues, Plaintiff has failed to demonstrate that remand is necessary. As Defendant notes, even if Plaintiff functioned at a fourth to sixth grade education level academically, her education would be considered as marginal education, and would be sufficient for her to perform simple, unskilled work, such as the work identified by the vocational expert. *See* 20 C.F.R. § 416.964(b)(2) (providing that formal schooling at sixth grade level or less is marginal education which means the ability in reasoning, arithmetic, and language skills needed to do simple, unskilled types of jobs). Plaintiff has failed to demonstrate that the ALJ committed reversible error by failing to re-contact the vocational expert to consider the school records.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties